# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-2613-TLP-tmp |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE HUMAN | ) | |
| RESOURCES and STATE OF | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| REHABILITATIVE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Plaintiff Tamara Brown sued pro se under 42 U.S.C. § 1983 alleging that Defendants State of Tennessee Human Resources and State of Tennessee Department of Rehabilitative Services engaged in "[e]mployment discrimination based on race, sex, color [, and] religion." (ECF No. 1 at PageID 2.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's suit under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 7 at PageID 16.) For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

The Magistrate Judge found that Defendants' sovereign immunity bars Plaintiff's claim. (*Id.* at PageID 19.) The Magistrate Judge found that the Eleventh Amendment prohibits citizens from "suing their own states in federal court." (*Id.* at PageID 18) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1989)). The Magistrate Judge found that, although a State may

waive its sovereign immunity "at its pleasure," Tennessee has not waived its sovereign immunity. (*Id.* at PageID 18) (citing Tenn. Code Ann. § 20-13-102(a)). The Magistrate Judge also found that "a state is not a person against whom a § 1983 claim for money damages might be asserted." (*Id.* at PageID 19) (citing *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002)).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff has not objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**SO ORDERED**, this 25th day of October, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE